J-A07021-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| IN THE INTEREST OF: M.C.M.H., A MINOR | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: T.B., MOTHER | : : : : : : : | |
| | : | No. 1428 MDA 2024 |

Appeal from the Decree Entered September 13, 2024
In the Court of Common Pleas of Luzerne County Orphans' Court at
No(s):  A-9169

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

MEMORANDUM BY OLSON, J.:                    **FILED: MARCH 19, 2025**

T.B. ("Mother") appeals from the September 13, 2024 decree that involuntarily terminated her parental rights to her dependent child, M.C.M.H. (age 13) pursuant to the Adoption Act, 23 Pa.C.S.A § 2511(a)(2), (5), (8), and (b).  We affirm.

On October 18, 2023, the Luzerne County Children and Youth Services ("Luzerne County CYS") filed a petition to involuntarily terminate Mother's parental rights to M.C.M.H.  Upon motion, the trial court appointed Matthew Perry, Esquire, to serve as guardian *ad litem* for M.C.M.H.[1]  On May 22, 2024, June 14, 2024, and June 25, 2024, the trial court held hearings on the termination petition filed by Luzerne County CYS.  During the course of the

---

[1] At a hearing on May 22, 2024, the trial court specifically found there was no conflict of interest in Attorney Perry serving as both guardian *ad litem* and legal counsel for M.C.M.H. in accordance with ***In re Adoption of K.M.G.***, 240 A.3d 1218, 1235-1236 (Pa. Super. 2020).  ***See*** N.T. Hearing, 5/22/24, at 4.

termination proceedings, the trial court also interviewed M.C.M.H. *in camera*. Thereafter, on September 13, 2024, the trial court entered a decree terminating Mother's parental rights to M.C.M.H. under Section 2511(a)(2), (5), (8), and (b) of the Adoption Act.[2]

On October 2, 2024, Mother, through counsel, timely filed a notice of appeal from the trial court's decree involuntarily terminating her parental rights, together with a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P.1925(a)(2)(i) and (b).

Mother raises the following issues for our consideration.

1. Whether the trial court erred in terminating [Mother's] parental rights and/or abused its discretion with respect to [] 23 [Pa.C.S.A. §] 2511(a)(2), (5), (8) of the Adoption Act?

2. Whether the trial court erred in terminating [Mother's] parental rights and/or abused its discretion with respect to [] 23 [Pa.C.S.A. §] 2511(b) of the Adoption Act?

Mother's Brief at 3 (unnecessary capitalization omitted).

We review this appeal in accordance with the following standard:

[A]ppellate courts must apply an abuse of discretion standard when considering a trial court's determination of a petition for termination of parental rights. As in dependency cases, our standard of review requires an appellate court to accept the findings of fact and credibility determinations of the trial court if they are supported by the record. If the factual findings are supported, appellate courts review to determine if the trial court made an error of law or abused its discretion. As has been often

---

[2] That same day, the trial court also entered a separate decree involuntarily terminating the parental rights of B.R.H. ("Father") pursuant to 23 Pa.C.S.A. § 2511(a)(2), (5), (8), and (b). **See** Trial Court Decree, 9/13/24, at 1. Father elected not to appeal the termination of his parental rights to M.C.M.H. and he is not a party to this appeal.

stated, an abuse of discretion does not result merely because the reviewing court might have reached a different conclusion. Instead, a decision may be reversed for an abuse of discretion only upon demonstration of manifest unreasonableness, partiality, prejudice, bias, or ill-will.

As [our Supreme Court previously] discussed . . . there are clear reasons for applying an abuse of discretion standard of review in these cases. [Indeed, . . .] unlike trial courts, appellate courts are not equipped to make the fact-specific determinations on a cold record, where the trial judges are observing the parties during the relevant hearing and often presiding over numerous other hearings regarding the child and parents. Therefore, even where the facts could support an opposite result, as is often the case in dependency and termination cases, an appellate court must resist the urge to second guess the trial court and impose its own credibility determinations and judgment; instead [appellate courts] must defer to the trial judges so long as the factual findings are supported by the record and the court's legal conclusions are not the result of an error of law or an abuse of discretion.

*In re Adoption of S.P.*, 47 A.3d 817, 826–827 (Pa. 2012) (internal citations omitted).

We have carefully reviewed the certified record, the submissions of the parties, the detailed opinion of the trial court, and the pertinent case law. Our review of the record demonstrates that there is sufficient, competent evidence to support the trial court's factual and legal determinations. Thus, we will not disturb the trial court's decision. *See id.* at 826-827. Accordingly, we affirm the trial court's decree terminating Mother's parental rights to M.C.M.H. pursuant to Section 2511(a)(2), (5), (8), and (b) of the Adoption Act on the basis of the well-reasoned and thorough analysis set forth in Judge Jennifer L. Rodgers's November 19, 2024 opinion. *See* Trial Court Opinion, 11/19/24, at 1-36. Further, we adopt the trial court's opinion as our own. In any future

filing with this or any other court addressing this ruling, the filing party shall attach a copy of Judge Jennifer L. Rodgers's November 19, 2024 opinion.

Decree affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 03/19/2025